UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUNRISE INFOTECH,<br><br>         Plaintiff,<br><br>   v.<br><br>HOMETOWN MEDICAL SUPPLIES LLC, et al.,<br><br>         Defendants. | Case No.  24-cv-09017-VKD<br><br>**ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; DEFENDANTS' OPPOSITION AND MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Re: Dkt. Nos. 20, 23 |

On December 13, 2024, plaintiff Sunrise Infotech ("Sunrise") filed a complaint against entity defendants Hometown Medical Supplies LLC ("Hometown"), Reliable Medical Supply LLC, a Minnesota limited liability company ("Reliable Minnesota"), and Reliable Medical Supply LLC, a California limited liability company ("Reliable California"), and individual defendants Lalit Goel and Marcus Sampson.[1]  Dkt. No. 1.  The complaint asserts nine claims for fraud and breach of contract arising out of work Sunrise performed for defendants.  *Id.*  On March 18, 2025, the Clerk of the Court entered default against all defendants.  Dkt. No. 18.  Sunrise now moves for entry of default judgment against all defendants.  Dkt. No. 20.  Defendants oppose this motion and

---

[1] All named parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 16, 17, 25, 33.  The complaint also refers to 10 "Doe" defendants.  Dkt. No. 1.  These defendants are not considered for the purposes of determining whether all parties consent to magistrate judge jurisdiction.  *See Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017) (all named parties, whether served or unserved, must consent in order to vest jurisdiction in magistrate judge); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (distinguishing *Williams* with respect to unnamed "Doe" defendants); *see also Geppert v. Doe 1*, No. 23-cv-03257-SVK, 2023 WL 5804156, at *1 (N.D. Cal. Sept. 7, 2023) ("[P]laceholder Doe defendants are not 'parties' for purposes of assessing whether there is complete consent to magistrate judge jurisdiction.").

1  ask the Court to set aside the default and allow the case to proceed on the merits. Dkt. Nos. 23,
2  31, 35. The Court held oral argument on May 27, 2025. Dkt. No. 30.
3      Upon consideration of the parties' briefing and arguments at the hearing, the Court grants
4  defendants' motion to set aside default and denies plaintiff's motion for default judgment.

## I. BACKGROUND

According to the complaint, plaintiff Sunrise is a "provider of professional administrative services" based in Andra Pradesh, India, and defendants are "providers of complex rehab technology, clinical respiratory products, and durable medical equipment and supplies." Dkt. No. 1 ¶¶ 3-8. In November 2016, defendant Hometown asked Sunrise to provide certain professional services, including "data entry of all patient details, working with health insurance companies regarding eligibility to provide Hometown's medical equipment, posting payments received from insurance to individual health accounts to overall managing communications with patients, hospitals and insurance companies." *Id.* ¶¶ 13, 14. Sunrise asserts that it did not charge Hometown for the first two months of work, but thereafter it began sending Hometown regular invoices. *Id.* ¶¶ 16-17. However, Hometown "never made full payment of the invoices," and by May 2022, Hometown owed Sunrise $66,045.00. *Id.* ¶¶ 19, 21. As a result of Hometown's failure to pay, Sunrise had to take out a loan to "clear employee monthly paychecks." *Id.* ¶ 20.

In June 2022, an agent of Sunrise met with individual defendants Lalit Goel and Marcus Sampson, who represented Hometown. *Id.* ¶ 22. At the meeting, defendants "promised to pay off both the invoices and loan payments, including accrued interest on the loan." *Id.* Sunrise never received any payment. *Id.* ¶ 24. In addition, defendants failed to inform Sunrise that Hometown had been sold to defendant Reliable Medical Supply LLC. *Id.* ¶ 23. On December 13, 2024, Sunrise filed this action. Dkt. No. 1.

The docket reflects that Sunrise served each defendant between December 16, 2024 and January 8, 2025. *See* Dkt. Nos. 7, 8, 9, 10, 12. Based on these dates of service, defendants were due to respond to the complaint between January 6, 2025 and January 29, 2025; no defendant timely appeared in the action or responded to the complaint.

Mr. Sampson and Mr. Goel attest that in the first week of January 2025 they met with a

representative of Sunrise in order to discuss a settlement and had, in fact, reached a settlement in principle. Dkt. No. 23-1 ¶ 5 (Declaration of Lalit Goel). They state that after some back and forth negotiations, Mr. Sampson signed a settlement agreement on January 17, 2025 and that Mr. Goel signed the agreement on February 21, 2025. *Id.* ¶ 8; Dkt. No. 23-2 ¶¶ 9-10 (Declaration of Marcus Sampson). Apparently, they did not receive an indication that Sunrise also signed the agreement.

On February 24, 2025, Mr. Sampson texted Sunrise, stating that he was having trouble reaching Mr. Goel in order to effect payment by March 1, 2025, and he attempted to negotiate an amendment to the agreement. Dkt. No. 23-2 ¶ 11. Sunrise did not agree to the amendment. *Id.* ¶ 12.

On March 10, 2025, Sunrise moved for entry of default. Dkt. No. 13. On March 18, 2025, the Clerk entered default against all defendants. Dkt. No. 18. Mr. Goel and Mr. Sampson attest that they never received notice from Sunrise that default had been entered against them. Dkt. No. 23-1 ¶ 12; Dkt. No. 23-2 ¶ 14. On March 18, 2025, Mr. Goel attempted to join the Court's case management conference, which he believed was scheduled for that date, but was informed that the conference had been vacated.[2] Dkt. No. 23-1 ¶ 10. On March 26, 2025, Mr. Goel retained counsel. *Id.* ¶ 11. Mr. Sampson and Sunrise texted about settlement of the action on March 31, 2025 but were unable to reach an agreement. Dkt. No. 23-2 ¶ 13. Mr. Sampson retained counsel on April 17, 2025. *Id.* ¶ 16.

On April 22, 2025, Sunrise filed its motion for default judgment. Dkt. No. 20. Mr. Sampson and Mr. Goel assert that they were not served with the motion. Dkt. No. 23-1 ¶ 14; Dkt. No. 23-2 ¶ 17. On May 6, 2025, Mr. Goel and Mr. Sampson filed an opposition to the motion for default judgment and filed their own motion to set aside the default. Dkt. No. 23. The Court heard oral argument on May 27, 2025. Dkt. No. 30.

On June 6, 2025, entity defendants Hometown, Reliable Minnesota, and Reliable California appeared and filed a notice indicating that they joined Mr. Goel and Mr. Sampson's motion to set aside default. Dkt. No. 31. Sunrise filed an opposition to this joinder. Dkt. No. 34.

---

[2] The initial case management conference was vacated on March 11, 2025 because defendants had not appeared in the action and Sunrise had requested entry of default. Dkt. No. 14.

## II. LEGAL STANDARD

After entry of default by the Clerk, a court may, in its discretion, enter default judgment. Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("*Eitel* factors"). In considering these factors, all factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The court may also hold a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

However, before entry of default judgment, "[a] court may set aside the Clerk's entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)) (alterations in original). This standard is disjunctive and a "finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

## III. DISCUSSION

The Court will first consider defendants' request to set aside default before turning to plaintiff's motion for default judgment. As the entity defendants and individual defendants have

4

appeared at different times in this case, the Court will address each separately.

    **A.    Individual Defendants' Motion to Set Aside Default**

          **1.    Culpable conduct**

Mr. Goel and Mr. Sampson argue that their default should be set aside because their failure to respond to the complaint is excusable and they have engaged in no culpable conduct. Dkt. No. 23 at 7-9. Sunrise responds that Mr. Goel and Mr. Sampson have engaged in deception and manipulation and have failed to act in good faith. Dkt. No. 27 at 4.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (citation omitted) (alterations in original) (emphasis in original). Where a defendant is not represented, a defendant's intentional failure to answer requires more than simply making "a conscious choice not to answer"; instead, the defendant "must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (quotations and citation omitted); *see also Precision Glassworks, Inc. v. Ghannam*, No. 15-cv-03227-HSG, 2016 WL 2641475, at *2 (N.D. Cal. May 10, 2016) ("In other words, 'intentional' in the default context is something more than merely 'the result of conscious choice' not to respond.") (citation omitted).

Here, Mr. Goel and Mr. Sampson advance two explanations as to why their conduct was not culpable. First, Mr. Goel attests that he was not properly served but discovered the complaint and summons on his doorstep, "causing him to question the veracity of the documents." Dkt. No. 23 at 7; Dkt. No. 23-1 ¶ 4. Second, Mr. Goel and Mr. Sampson assert that they have participated in this matter by engaging in good faith settlement negotiations with Sunrise since the filing of the complaint, and that Sunrise never indicated in these discussions that it was planning to or had moved for default. Dkt. No. 23 at 7-8. Mr. Goel states that he also attempted to participate in this matter by trying to join the initial case management conference before learning that the conference had been vacated, and by informing the Court that a settlement was being negotiated between the parties. Dkt. No. 23-1 ¶¶ 10-11.

Sunrise contests these explanations, asserting that Mr. Goel was properly served and

attaching a declaration of diligence from the process server, who attests that Mr. Goel and his wife fled the scene when the process server attempted to serve them. Dkt. No. 27 at 3-4, Ex. A. Sunrise also contends that the purported settlement negotiations were simply "meant to manipulate [Sunrise] into dropping or delaying the litigation" and were not genuine attempts to settle the case. *Id.* at 4.

Based on the record presented, the Court finds that the conduct of the individual defendants in this matter cannot be considered a culpable failure to respond to the complaint for purposes of default. While the explanations offered by Mr. Goel and Mr. Sampson do not excuse their failure to respond to the complaint, their conduct does not "evince an attempt 'to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Precision Glassworks*, 2016 WL 2641475, at *2 (quoting *Mesle*, 625 F.3d at 1092); *see also Smith v. Santa Cruz Cnty.*, No. 21-cv-00421-EJD, 2023 WL 3688096, at *3 (N.D. Cal. May 26, 2023) ("There is no evidence here that Defendant's neglect—*for there was clearly neglect*—was the result of a malicious effort to thwart Plaintiffs' prosecution of this case or the judicial process more generally. The Court has no reason to doubt Defendant's sworn declaration regarding his ignorance of the legal system, lack of clarity as to the nature of the documents received, and neglect to search for the documents upon his return to the country.") (emphasis added). Thus, the Court concludes that this factor weighs in favor of setting aside default as to the individual defendants.

### 2.     Existence of a meritorious defense

Mr. Goel and Mr. Sampson argue that they have potential meritorious defenses that should weigh in favor of setting aside default. To demonstrate a meritorious defense, defendants must "allege sufficient facts that, if true, would constitute a defense." *Precision Glassworks*, 2016 WL 2641475, at *2 (quoting *Mesle*, 615 F.3d at 1094); *see also Smith*, 2023 WL 3688096, at *3 (court does not assess whether an alleged fact is true when deciding this factor). The burden on defendants in this context is "minimal." *Smith*, 2023 WL 3688096, at *3 (quoting *Mesle*, 615 F.3d at 1094).

Here, Mr. Goel and Mr. Sampson identify six defenses that they assert are meritorious: (1)

that Mr. Goel was not properly served; (2) that there is no privity of contract between Sunrise and Mr. Goel and Mr. Sampson; (3) that the individual defendants cannot be held personally liable; (4) that genuine disputes exist over whether the contract was breached and by whom; (5) that information Sunrise claims was withheld was publicly available; and (6) that the complaint fails to meet the pleading standards under Federal Rules of Civil Procedure 8 and 9(b). Dkt. No. 23 at 9-12. Sunrise responds that Mr. Goel was properly served; that Mr. Goel and Mr. Sampson were sufficiently intertwined with Hometown so as to be liable; and that its claims are otherwise sufficient. Dkt. No. 27 at 5-7.

For the purposes of setting aside default, the Court finds that the individual defendants have stated facts that could plausibly support potentially meritorious defenses. For example, Mr. Sampson alleges that Sunrise may have engaged in conduct that violated the terms of the contract, raising a question as to Sunrise's entitlement to recovery. Dkt. No. 23-2 ¶ 4. Additionally, the individual defendants have identified a number of deficiencies in Sunrise's fraud claims. Dkt. No. 23 at 12. In view of the minimal burden facing Mr. Goel and Mr. Sampson at this stage, the Court finds that this factor weighs in favor of setting aside entry of default.

### 3. Prejudice to the plaintiff

Finally, Mr. Goel and Mr. Sampson argue that Sunrise will not be prejudiced by setting aside the default because "[t]his case is still in its infancy, having been filed less than five months ago, much of which time has been spent in settlement negotiations between the parties" and thus "[a]ny delay has been minimal." Dkt. No. 23 at 13. In response, Sunrise asserts that "it has incurred significant amounts of time and legal fees due to Defendants' dilatory tactics in promising settlements and payments that never materialized and requesting changes at the last minute" and that "[n]either [d]efendant demonstrated any intent to defend this lawsuit until Plaintiff moved for default judgment." Dkt. No. 27 at 7.

Prejudice results when the "plaintiff's ability to pursue his claim will be hindered." *Smith*, 2023 WL 3688096, at *3 (quotations and citation omitted). This requires "greater harm than simply delaying resolution of the case." *Id.* (quotations and citation omitted). Rather, the delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or

7

greater opportunity for fraud or collusion." *Precision Glassworks*, 2016 WL 2641475, at *2 (N.D. Cal. May 10, 2016) (quotations and citation omitted).

The Court agrees with Mr. Goel and Mr. Sampson that Sunrise will not be prejudiced if their default is set aside. The case is in its early stages; the only action taken thus far is the entry of default against defendants. The fact that the parties have engaged in settlement negotiations that Sunrise claims were unfruitful does not hinder its ability to pursue its claim going forward. Both individual defendants appeared to defend against the entry of default judgment and are ready to proceed with litigating the merits of the case. The Court finds this factor weighs in favor of setting aside default.

*** 

As the Court has found all three factors weigh in favor of setting aside default, the Court sets aside the entry of default as to the individual defendants, Mr. Goel and Mr. Sampson.

### B.   Entity Defendants' Joinder in Motion to Set Aside Default

Unlike the individual defendants, entity defendants Hometown, Reliable Minnesota, and Reliable California did not appear in this action in time to oppose the motion for default judgment and they did not appear at the motion hearing. Instead, on June 6, 2025, the entity defendants filed a one paragraph joinder "request[ing] they be permitted to adopt the arguments and authorities set forth in the Motion as though it were their own." Dkt. No. 31. Sunrise filed a response to this joinder arguing that the entity defendants were properly served and had provided no explanation as to why they had not appeared. Dkt. No. 34 at 2. Sunrise also pointed out that the arguments advanced by the individual defendants in their motion to set aside default do not apply to the entity defendants. *Id.* The entity defendants filed a reply to this opposition, asserting that they "first learned of this litigation" from counsel for the individual defendants on May 28, 2025. Dkt. No. 35 at 1. They state that they engaged counsel and "diligently began an inquiry into the purported service and the underlying dispute," determining that it would be appropriate to join the individual defendants' motion as the individual defendants had been negotiating a global settlement on behalf of all defendants. *Id.* The entity defendants further assert that they properly join in the challenges raised to the claims asserted by Sunrise against all defendants. *Id.* at 2.

As an initial matter, the Court notes that the entity defendants' joinder does not adequately address matters relevant to whether the default entered against them should be set aside. The joinder and reply offer no explanation as to why the entity defendants did not have knowledge of the case until May 28, 2025 and provide no information to counter Sunrise's assertion that the entity defendants were properly served. And while it may be true that the individual defendants were intending to negotiate a global settlement, the pendency of this negotiation cannot excuse the entity defendants' failure to act, as they claim they were not even aware of the dispute until May of 2025. *See* Dkt. No. 35 at 1.

Despite the inadequacy of the entity defendants' briefing, the Court will exercise its discretion to set aside default as to the entity defendants as well as the individual defendants. The entity defendants appeared prior to the entry of default judgment and have indicated their intent to defend the case. While they provide little explanation for their failure to appear, there is no indication of actual culpable conduct, i.e. that they *intended* not to defend this case. Furthermore, as Sunrise acknowledges, the entity and individual defendants' liability is intertwined and allowing the case to reach the merits as to all defendants promotes the effective resolution of the case, especially where *all* defendants are now prepared to defend. *See Mesle*, 615 F.3d at 1095 ("[A] case should, whenever possible, be decided on the merits.") (quoting *Falk*, 739 F.2d at 463). The Court therefore sets aside the entry of default to the entity defendants.

### C. Plaintiff's Motion for Default Judgment

The Court has already considered several of the *Eitel* factors that bear on Sunrise's motion for default judgment, including the possibility of prejudice to Sunrise, the merits of its claims and potential defenses to those claims, the possibility of a dispute concerning material facts, and whether defendants' default was due to excusable neglect. For the reasons explained above, the Court concludes that these factors generally favor setting aside the default and, relatedly, denying Sunrise's motion for default judgment.

With respect to the remaining factors, the sufficiency of the complaint has not been challenged under Rules 8, 9, or 12, although defendants indicate they may bring such a challenge. In these circumstance and at this stage of the proceedings, the Court considers this factor neutral.

The sum of money at stake in the action exceeds $100,000. This is not an insubstantial sum, but it reflects Sunrise's calculation of the amount defendants owe for services rendered. The Court finds this factor favors entry of default judgment. Finally, the Court considers the strong policy favoring decisions on the merits. As defendants have now indicated they are prepared to defend this action on the merits, this factor strongly favors denial of the motion for entry of default judgment.

Accordingly, because all of the *Eitel* factors, save one, favor denying entry of default judgment or are neutral, the Court denies Sunrise's motion.

## IV.   CONCLUSION

For the reasons set forth above, the Court grants defendants' motion to set aside default and denies plaintiff's motion for default judgment. All defendants must file a response to the complaint by **July 31, 2025**.

**IT IS SO ORDERED.**

Dated: July 17, 2025

Virginia K. DeMarchi
United States Magistrate Judge